## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MARY HOGAN | ) | Case No. 12 B 42225 |
| | ) | Hon. Eugene R. Wedoff |
| Debtor. | ) | |

To:  Mary Hogan, 23429 N. Snuff Valley Rd., Cary, IL 60013
Patrick Layng, U.S. Trustee, Region 11 (**Via ECF Notice**)
Leslie Allen Bayles and Aaron Davis, Bryan Cave LLP – Counsel for Fifth Third (**Via ECF Notice**)
Caleb Halberg, Potestivo & Associates – Counsel for Flagstar (**Via ECF Notice**)
Christopher Purcell, Sherman & Purcell – Counsel for Cab West, LLC (**Via ECF Notice**)
See Attached List.

### NOTICE OF MOTION

Please take notice that on **October 9**, **2013 at the hour of 9:30 a.m**., we will appear before the Honorable Eugene R. Wedoff, United States Bankruptcy Judge in Courtroom 744, 219 S. Dearborn Street, Chicago, Illinois, and shall then and there present the **First and Final Fee Application for Debtor's Counsel** for attorney's fees and reimbursement expenses pursuant to §330 of the United States Bankruptcy Code and Bankruptcy Rule 2016 for legal services performed during the period October 24, 2012 through August 31, 2013, a copy of which is attached hereto and served upon you, at which time you may appear.

                                                        **Law Offices of Konstantine Sparagis, P.C.**

                                                        By:        /s/ Konstantine T. Sparagis

Konstantine Sparagis (6256702)
Law Offices of Konstantine Sparagis, P.C.
900 W. Jackson Blvd., Ste. 4E
Chicago, IL 60607
312-753-6956

### Certificate of Service

I, Konstantine T. Sparagis, an attorney certify that I caused copies of the foregoing Notice of Motion and Motion described therein to be served upon the above named parties and the parties on the attached Service List via first class, U.S. Mail, postage pre-paid, or via electronic Pacer notice where noted on September 17, 2013 before the hour of 4:30 p.m.

                                                                    /s/ Konstantine T. Sparagis

SERVICE LIST

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0752-1<br>Case 12-42225<br>Northern District of Illinois<br>Chicago<br>Tue Sep 17 12:20:03 CDT 2013 | Recovery Management Systems Corporation<br>25 SE Second Avenue Suite 1120<br>Miami, FL 33131-1605 | eCAST Settlement Corporation<br>c/o Bass & Associates, P.C.<br>3936 E Ft. Lowell, Suite 200<br>TUCSON, AZ 85712-1083 |
|  | Aig Fsvg Bk<br>600 King St. Suite 2<br>Wilmington, DE 19801-3712 | American Express<br>American Express Special Research<br>Po Box 981540<br>El Paso, TX 79998-1540 |
| American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 |  | Bank Of America<br>Attn: Bankruptcy NC4-105-0314<br>Po Box 26012<br>Greensboro, NC 27420-6012 |
|  | Bureaus Investment Group Portfolio No 15 LLC<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Avenue Suite 1120<br>Miami FL 33131-1605 |  |
| Capital One, N.A.(Neiman Marcus)<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Road, Suite #200<br>Tucson, AZ 85712-1083 | Chase<br>Po Box 15298<br>Wilmington, DE 19850-5298 | Department of the Treasury<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Discover Fin Svcs Llc<br>Po Box 15316<br>Wilmington, DE 19850-5316 |  |
|  | Fifth Third Bank<br>Bankruptcy Dept.<br>1830 E Paris Ave Se<br>Grand Rapids, MI 49546-6253 |  |
|  |  | Flagstar Bank<br>Attn: Bankruptcy Dept<br>5151 Corporate Dr<br>Troy, MI 48098-2639 |
|  |  | Ford Motor Credit<br>P.O. Box 54200<br>Omaha, NE 68154-8000 |
| |  | John Renskers<br>3205 Crystal Lake Ave.<br>Crystal Lake, IL 60014-4778 |

```
Lincoln Automotive Fin           Lincoln Automotive Financial Services    PNC BANK
Po Box 542000                    P.O. Box 6275                            PO BOX 94982
Omaha, NE 68154-8000             Dearborn, MI 48121-6275                  CLEVELAND, OHIO 44101-4982


Pnc Bank, N.a.                                                            Recovery Management Systems Corporation
1 Financial Pkwy                                                          25 S.E. 2nd Avenue, Suite 1120
Kalamazoo, MI 49009-8002                                                  Miami, FL 33131-1605
```



```
Sears/cbna                       Selene Finance, LP                       The Bureaus, Inc.
Po Box 6282                      9990 Richmond Ave., Suite 400            c/o Recovery Management Systems Corp.
Sioux Falls, SD 57117-6282       Houston, TX 77042-4546                   25 SE 2nd Avenue, Suite 1120
                                                                          Miami, FL 33131-1605


United Collection Bureau         Us Bank/na Nd
5620 Southwyck Blvd              Cb Disputes
Toledo, OH 43614-1501            St Louis, MO 63166
```




The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Illinois Department of Revenue            Portfolio Recovery Associates, LLC
Bankruptcy Section, Level 7-425           successor to US BANK NATIONAL ASSOC ND
100 W. Randolph St.                       by PRA Receivables Management LLC
Chicago, IL 60601                         POB 41067
                                          Norfolk, VA 23541
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)CAB WEST LLC                  (u)Entre Commercial Realty, LLC          (u)Fifth Third Bank


(u)Flagstar Bank, FSB            (d)eCAST Settlement Corporation          (u)David Hoffman
Attn:Bankruptcy Department       c/o Bass & Associates, P.C.
                                 3936 E Ft. Lowell, Suite 200
                                 Tucson, AZ 85712-1083
```

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHER DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CHAPTER 11 |
| | ) | |
| Mary Hogan | ) | JUDGE:  Eugene R. Wedoff |
| | ) | |
| DEBTOR. | ) | CASE NO.  12-42225 |
| | ) | |

**FIRST AND FINAL FEE APPLICATION OF COUNSEL FOR THE DEBTOR**

Now Comes, Konstantine Sparagis of the LAW OFFICES OF KONSTANTINE SPARAGIS (the "Attorneys"), counsel for Debtor and Debtor in Possession, Mary Hogan ("Debtor ") and hereby submits the First and Final Fee Application (the "Application") for attorney's fees and reimbursement expenses pursuant to §330 of the United States Bankruptcy Code (the "Code") and Bankruptcy Rule 2016 for legal services performed during the period October 24, 2012 through August 31, 2013 (the "Application Period").  The predicates for relief requested herein are 11 U.S.C. §§ 105(a), 330, as supported by Rules 2002(a)(6), 2016(a), and 9034(e), and Local Rule 5082-1.  In support of this Application, the Attorneys state as follows:

**I. Narrative Summary**

1. The Debtor filed for relief under Chapter 11 on October 24, 2012 (the "Petition Date").  The Debtor is an individual primarily engaged in the business of owning and managing commercial real estate.

2. As of the Petition Date, the Debtor was the owner of the beneficial interest in the trust that owned two commercial properties commonly known as 28W022 Industrial Ave., Lake Barrington, Illinois 60010 and 27W996 Industrial Ave., Lake Barrington, Illinois 60010 ("Commercial Properties").  Fifth Third Bank ("Fifth Third") claimed mortgages and other

security in the Commercial Properties and had initiated foreclosure proceedings pre-petition due to certain defaults. Because the Debtor believed there was substantial equity in the Commercial Properties, the Debtor filed her case in an attempt to either reorganize her debts or liquidate the Commercial Properties and pay off all of her creditors through a plan of reorganization. Due to insufficient cash flow and substantial pre and post-petition real estate tax liabilities to Lake County, Illinois, it was decided to pursue a Code § 363 sale, whereby some equity might be realized after the payment of the mortgages, taxes and other costs of closing. Due to market conditions the sale brought in less than Fifth Third was owed on its notes secured by the mortgages against the Commercial Property. Nevertheless, in a case fraught with economic uncertainty and the Debtor's sincere belief that the Commercial Properties were worth substantially more, it is anticipated that there will be a distribution to unsecured creditors because of the Attorneys' efforts to ensure that the sale process was concluded which will result in some return to unsecured creditors who in a state court foreclosure proceeding would almost certainly have received nothing at all. Other than the pre-petition retainer paid by the Debtor, the Attorneys seek payment only out of the $30,000.00 carve-out agreed to by Fifth Third Bank in connection with the sale of the Commercial Properties currently being held by the Attorneys.

3.     On January 16, 2013, this Court entered an order approving retention of the Attorneys as counsel for the debtor retroactively to the Petition Date. The Attorneys hold a retainer from the Debtor in the amount of $6,874.00. This is the first and final fee petition being submitted by the Attorneys. On June 14, 2013, this Court entered the Sales Procedures Order which granted to the Attorneys a carve-out of $30,000.00 paid from proceeds of sale, which proceeds are in possession of the Attorneys. On August 20, 2013, the Court entered the Order Approving Sale appropriating the carve-out funds to the Attorneys, subject to further court order.

## II. Case Status

4.    Debtor has been operating as a debtor in possession since the inception of the case. Debtor has prepared and filed all Summary of Cash Receipts and Disbursements that have come due to date.  As is further described below, the Debtor has attempted a reorganization, but it appears the case will be converted to chapter 7.  This is a substantially superior result than if reorganization had not been sought at all.  Consequently, since the Attorneys assisted in the administration of the Estate and creditors will receive more than they would have received absent a reorganization effort or through a chapter 7 proceeding, the Attorneys deserve compensation for their services.

## III. Description of the Fee Petition

5.    Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees. The Primary objective of this fee application is to reveal sufficient information enabling the court to determine whether the services rendered in representing the Debtor were reasonable, actual, and necessary.  The Attorneys have provided accurate and detailed records of the services that were made contemporaneously with the services performed.  In Re Chicago Luther Hospital Association, 89 B.R. 719 (Bkrtcy, N.D.Ill.1988);  In re Wildman, 72 B.R. 700 (Bkrtcy N.D. Ill. 1987).  The Statement of services includes a summary, by category, of the work done and time expended in each category.  Much care has been taken to properly categorize the activities to the degree possible.  Billing judgment was used to exclude hours which were excessive, redundant, or otherwise unnecessary.  Hensley vs. Eckhart, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 933(1983); In re Temple Retirement Community, Inc., 97 B.R. 333 (Bkrtcy.W.D.Tex. 1989); In re Wildman, 72 B.R. 700 (Bkrtcy N.D. Ill. 1987).

6. The Attorneys used computerized time and billing software in preparation of the Application, which was then converted to a word format for filing this motion and redacted to avoid disclosure of any attorney client privileged information.  Such records are attached hereto as **Exhibit A**.  This Application contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity.  It contains a statement explaining the significance of the activity as well as the purpose necessity and appropriateness of each service rendered.  Where appropriate, the petition contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems that arose in the case and the manner in which it was addressed.  In re Wildman, 72 B.R. 700 (Bkrtcy N.D. Ill. 1987).

7. The Attorneys generally charge all clients, including for non-bankruptcy matters, $275.00 per hour for Konstantine Sparagis.  However, each case is may vary depending on the particular complexities or issues relative to a particular matter.  In this particular instance, the Debtor agreed to pay the hourly rate, which was approved by the Court.

### IV. Project Summary

8. From October 24, 2012 to August 31, 2013, Debtor has incurred $44,027.50 in fees at the Attorneys approved fee rates and expense in the amount of $244.80.  The Attorneys have not charged the Debtor for copying charges, postage associated with mailing or other administrative services.  Moreover, the attorneys have incurred significant additional time in connection with this matter following August 31, 2013, for which they will not seek additional compensation.

9.  Attached hereto is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

**A. General Administration**

The activities in the General Administration category are those activities which are a necessary part of the representation of the Debtor such as reviewing or compiling monthly operating reports, communicating with the United States Trustee's Office and creditors of the Estate, preparing and filing motions related to the administration of the estate, appearing at creditors meetings and advising the Debtor about her operations as a debtor in possession. The benefits of these services to the Debtor and her estate were both economic and non-economic. The economic benefits resulted in the Debtor continuing her administration of the property in the now realized hope to return some benefit to her unsecured creditors, albeit she will not herself realize a surplus, in an attempt to successfully reorganize. The services also benefited the Debtor and the Estate by promoting the bankruptcy process and the administration of the case.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibits A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| **Konstantine Sparagis** | **45.60** | **$ 275.00** | **$12,540.50** |

**B. Cash Collateral**

The activities in the Cash Collateral category are those activities which were a necessary part of the representation of the Debtor in order to allow her to continue to operate her business and matters specifically pertaining to use of cash collateral. This included preparing, drafting and filing the appropriate motion for use of cash collateral; teleconferences with both the Debtor

and counsel for Fifth Third; preparing budgets and orders in connection with the motion; and appearing on various hearing for cash collateral matters. The benefits of these services to the Debtor and her estate were both economic and non-economic. The economic benefits resulted in the Debtor continuing her administration of the property in the now realized hope to return some benefit to her unsecured creditors, albeit she will not herself realize a surplus, in an attempt to successfully reorganize. The services also benefited the Debtor and the Estate by promoting the bankruptcy process and the administration of the case.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibits A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| **Konstantine Sparagis** | **23.10** | **$ 275.00** | **$6,352.50** |

### C. Attorney Employment Motion

The activities in the Attorney Employment Motion category are those activities which were a necessary part of the representation of the Debtor in connection with the instant matter. This included preparing, drafting and filing the appropriate motion and court appearances thereon. The benefits of these services to the Debtor and her estate were both economic and non-economic. The economic benefits resulted in the Debtor continuing her administration of the property in the now realized hope to return some benefit to her unsecured creditors, albeit she will not herself realize a surplus, in an attempt to successfully reorganize. The services also benefited the Debtor and the Estate by promoting the bankruptcy process and the administration of the case.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibits A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| **Konstantine Sparagis** | **1.80** | **$ 275.00** | **$495.00** |

### D. Broker Employment Motion

The activities in the Broker Employment Motion category are those activities which were a necessary part of the representation of the Debtor in connection with the instant matter. This included preparing, drafting and filing the appropriate motion and court appearances thereon. The benefits of these services to the Debtor and her estate were both economic and non-economic. The economic benefits resulted in the Debtor continuing her administration of the property in the now realized hope to return some benefit to her unsecured creditors, albeit she will not herself realize a surplus, in an attempt to successfully reorganize. The services also benefited the Debtor and the Estate by promoting the bankruptcy process and the administration of the case.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibits A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| **Konstantine Sparagis** | **3.60** | **$ 275.00** | **$990.00** |

### E. Lease Assumption

The activities in the Lease Assumption category are those activities which were a necessary part of the representation of the Debtor in connection with the instant matter pertaining to her leased vehicle. This included counseling the Debtor on the effect of assuming said lease; reviewing the creditor's motion and court appearances thereon. The benefits of these services to the Debtor and her estate were both economic and non-economic. The lease assumed was for the Debtor's sole mode of transportation which she required to manage the Commercial Properties

and her day to day affairs. The services also benefited the Debtor and the Estate by promoting the bankruptcy process and the administration of the case.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibits A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| **Konstantine Sparagis** | 0.90 | $ 275.00 | $247.50 |

### D. Claim Actions

The activities in the Claim Actions category are those activities which were a necessary part of the representation of the Debtor in connection protecting the Estate against demands or collection activity that violated the automatic stay; and review of claims field by creditors. This included preparing, drafting and filing the appropriate motion for stay violation; recovery of the funds removed from the Debtor's accounts; and review of claims generally as filed with the clerk of court. The benefits of these services to the Debtor and her estate were both economic and non-economic. The prosecution of the stay violation against Flagstar resulted in the return of all post-petition payments withdrawn from the Debtor's account. The services also benefited the Debtor and the Estate by promoting the bankruptcy process and the administration of the case.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibits A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| **Konstantine Sparagis** | 9.10 | $ 275.00 | $2,502.50 |

### E. Sale Process

The activities in the Sale Process category are those activities which were a necessary part of the representation of the Debtor in connection with the sale of the Commercial Properties. This included preparing, drafting and filing the appropriate motion for approval of sale and bid procedures; negotiating with various interested parties; correspondence with the Debtor, Fifth Third's attorneys, the United States Trustee, counsel and brokers for interested parties; publishing the appropriate notices; conducting an auction process; having the appropriate final orders entered; and attending the closing. The benefits of these services to the Debtor and her estate were both economic and non-economic. The prosecution of the Sale Process allowed the Debtor to maximize recovery to the secured lender, paid all outstanding real estate taxes due to Lake County, and retain some cash to pay to unsecured creditors. The efforts also resulted in the Debtor continuing her administration of the property in the now realized hope to return some benefit to her unsecured creditors, albeit she will not herself realize a surplus, in an attempt to successfully reorganize. The services also benefited the Debtor and the Estate by promoting the bankruptcy process and the administration of the case.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibits A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
| --- | --- | --- | --- |
| **Konstantine Sparagis** | 76.00 | $ 275.00 | $ 20,900.00 |

### G. Costs and Expenditures

The Attorneys seeks reimbursement of **$244.80** as the expense incurred during its representation of the Debtor to date. No costs or expenditures were charged for copying or postage. These expenses requested were for publication fees paid by the Attorneys in connection

with the Sale Process and were necessary to accomplish the proper representation of the Debtor. An itemization of these costs is included in Exhibit A.

## V. Certification

10.  The Attorneys certify that they have served a copy of the chronological itemization of services provided to the Debtor. Debtor has not objected to the fees incurred or their payment.

## VI. Section 330(a) of the Bankruptcy Code

11.  Section 330(a) of the Bankruptcy Code provides:

(a) After notice to any parties in interest and to the United State Trustee and hearing, and subject to sections 3326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney-

(1) Reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) Reimbursement for actual, necessary expenses.

12.  The Bankruptcy Court has independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. In re Spanjer Brothers, Inc., 203 B.R. 85 (Bkrtcy. N.D.Ill. 1996); In re Pettibone Corporation, 74 B.R. 293 (Bkrtcy. N.D.Ill 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. In re Spanjer Brothers, Inc., 203 B.R. 85 (Bkrtcy. N.D.Ill. 1996); In Re Chicago Luther Hospital Association, 89 B.R. 719 (Bkrtcy, N.D.Ill.1988); In re Pettibone Corporation, 74 B.R. 293 (Bkrtcy. N.D.Ill 1987).

13. The representation of the Debtor adequately corresponds with the time and labor expended by the Attorneys. The various issues involved required experienced bankruptcy counsel. The Attorneys were able to accomplish a great deal directed towards aiding the Debtor in her attempted reorganization and maximizing value for the Estate. Moreover, the fees being requested are being paid out of funds carved out of the sale proceeds that would otherwise have paid down secured debt and not from proceeds that would otherwise have been available for unsecured creditors. The Attorneys employment was necessary and the amounts requested are fair and reasonable.

### VII. Conclusion

WHEREFORE, Konstantine Sparagis of the Law Offices of Konstantine Sparagis, P.C. requests that this court enter an Order:

A. Determining that the legal services and fees incurred were necessary and reasonable;

B. Allowing final compensation for attorney's fees in the amount of $44,027.50;

C. Allowing reimbursement of expenses in the amount of $244.80;

D. Permitting the Attorneys to apply the retainer on hand in the amount of $6,874.00.00 paid pre-petition by the Debtor;

E. Permitting the Attorneys to apply the $30,000.00 on hand in the Attorney's IOLTA Trust Account from the carve-out proceeds from the § 363 sale; and

F. Granting such other and further relief as the court may deem just and proper.

**Respectfully submitted,**
**Law Offices of Konstantine Sparagis, P.C.**

By: /s/ Konstantine Sparagis

Konstantine Sparagis (6256702)
Law Offices of Konstantine Sparagis, P.C.
900 W. Jackson Blvd., Ste. 4E
Chicago, IL 60607
312-753-6956