**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MARY HOGAN | ) | Case No. 12 B 42225 |
| | ) | Hon. Eugene R. Wedoff |
| Debtor. | ) | |

To:   Mary Hogan, 23429 N. Snuff Valley Rd., Cary, IL 60013
Patrick Layng, U.S. Trustee, Region 11 (**Via ECF Notice**)
Leslie Allen Bayles and Aaron Davis, Bryan Cave LLP – Counsel for Fifth Third (**Via ECF Notice**)
Caleb Halberg, Potestivo & Associates – Counsel for Flagstar (**Via ECF Notice**)
Christopher Purcell, Sherman & Purcell – Counsel for Cab West, LLC (**Via ECF Notice**)
See Attached List.

**NOTICE OF MOTION**

Please take notice that on **October 9**, **2013 at the hour of 9:30 a.m**., we will appear before the Honorable Eugene R. Wedoff, United States Bankruptcy Judge in Courtroom 744, 219 S. Dearborn Street, Chicago, Illinois, and shall then and there present the **First and Final Fee Application for David Hoffman of Entre Commercial Realty, LLC** as real estate broker for the estate pursuant to §330 of the United States Bankruptcy Code and Bankruptcy Rule 2016 for services performed during the period October 24, 2012 through August 31, 2013, a copy of which is attached hereto and served upon you, at which time you may appear.

                              **David Hoffman and Entre Commercial, LLC**

                              By:          /s/ Konstantine T. Sparagis

Konstantine Sparagis (6256702)
Law Offices of Konstantine Sparagis, P.C.
900 W. Jackson Blvd., Ste. 4E
Chicago, IL 60607
312-753-6956

**Certificate of Service**

I, Konstantine T. Sparagis, an attorney certify that I caused copies of the foregoing Notice of Motion and Motion described therein to be served upon the above named parties and the parties on the attached Service List via first class, U.S. Mail, postage pre-paid, or via electronic Pacer notice where noted on September 17, 2013 before the hour of 4:30 p.m.

                              /s/ Konstantine T. Sparagis

Label Matrix for local noticing
0752-1
Case 12-42225
Northern District of Illinois
Chicago
Tue Sep 17 12:20:03 CDT 2013

Recovery Management Systems Corporation
25 SE Second Avenue Suite 1120
Miami, FL 33131-1605

eCAST Settlement Corporation
c/o Bass & Associates, P.C.
3936 E Ft. Lowell, Suite 200
TUCSON, AZ 85712-1083



Aig Fsvg Bk
600 King St. Suite 2
Wilmington, DE 19801-3712

American Express
American Express Special Research
Po Box 981540
El Paso, TX 79998-1540

American Express Bank, FSB
c o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701



Bank Of America
Attn: Bankruptcy NC4-105-0314
Po Box 26012
Greensboro, NC 27420-6012



Bureaus Investment Group Portfolio No 15 LLC
c/o Recovery Management Systems Corp
25 SE 2nd Avenue Suite 1120
Miami FL 33131-1605



Capital One, N.A.(Neiman Marcus)
Bass & Associates, P.C.
3936 E. Ft. Lowell Road, Suite #200
Tucson, AZ 85712-1083

Chase
Po Box 15298
Wilmington, DE 19850-5298

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Discover Bank
DB Servicing Corporation
PO Box 3025
New Albany, OH 43054-3025

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850-5316





Fifth Third Bank
Bankruptcy Dept.
1830 E Paris Ave Se
Grand Rapids, MI 49546-6253







Flagstar Bank
Attn: Bankruptcy Dept
5151 Corporate Dr
Troy, MI 48098-2639



Ford Motor Credit
P.O. Box 54200
Omaha, NE 68154-8000





John Renskers
3205 Crystal Lake Ave.
Crystal Lake, IL 60014-4778

Lincoln Automotive Fin
Po Box 542000
Omaha, NE 68154-8000

Lincoln Automotive Financial Services
P.O. Box 6275
Dearborn, MI 48121-6275

PNC BANK
PO BOX 94982
CLEVELAND, OHIO 44101-4982

Pnc Bank, N.a.
1 Financial Pkwy
Kalamazoo, MI 49009-8002



Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Sears/cbna
Po Box 6282
Sioux Falls, SD 57117-6282

Selene Finance, LP
9990 Richmond Ave., Suite 400
Houston, TX 77042-4546

The Bureaus, Inc.
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

United Collection Bureau
5620 Southwyck Blvd
Toledo, OH 43614-1501

Us Bank/na Nd
Cb Disputes
St Louis, MO 63166





The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Illinois Department of Revenue
Bankruptcy Section, Level 7-425
100 W. Randolph St.
Chicago, IL 60601

Portfolio Recovery Associates, LLC
successor to US BANK NATIONAL ASSOC ND
by PRA Receivables Management LLC
POB 41067
Norfolk, VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)CAB WEST LLC

(u)Entre Commercial Realty, LLC

(u)Fifth Third Bank

(u)Flagstar Bank, FSB
Attn:Bankruptcy Department

(d)eCAST Settlement Corporation
c/o Bass & Associates, P.C.
3936 E Ft. Lowell, Suite 200
Tucson, AZ 85712-1083

(u)David Hoffman

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHER DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | **CHAPTER 11** |
| | ) | |
| **Mary Hogan** | ) | **JUDGE:  Eugene R. Wedoff** |
| | ) | |
| **DEBTOR.** | ) | **CASE NO.  12-42225** |
| | ) | |

**FIRST AND FINAL FEE APPLICATION OF DAVID HOFFMAN AND**
**ENTRE COMMERCIAL REALTY, LLC**

Now Comes, David Hoffman and Entre Commercial Realty, LLC (the "Brokers") by and through Konstantine Sparagis of the Law Offices of Konstantine Sparagis, P.C. as counsel for Debtor and Debtor in Possession, Mary Hogan ("Debtor ") and hereby submits the First and Final Fee Application (the "Application") for the Broker's fees and commissions pursuant to §330 of the United States Bankruptcy Code (the "Code") and Bankruptcy Rule 2016 for professional services performed during the period January 23, 2013 through August 31, 2013 (the "Application Period").  The predicates for relief requested herein are 11 U.S.C. §§ 105(a), 330, as supported by Rules 2002(a)(6), 2016(a), and 9034(e).  In support of this Application, the Brokers state as follows:

**I. Narrative Summary**

1.      The Debtor filed for relief under Chapter 11 on October 24, 2012 (the "Petition Date").  The Debtor is an individual primarily engaged in the business of owning and managing commercial real estate.

2.      As of the Petition Date, the Debtor was the owner of the beneficial interest in the trust that owned two commercial properties commonly known as 28W022 Industrial Ave., Lake

Barrington, Illinois 60010 and 27W996 Industrial Ave., Lake Barrington, Illinois 60010 ("Commercial Properties").

3.      The estate required the assistance of a local real estate broker experienced in marketing property similar to the Commercial Properties in the same geographical areas for the purpose of marketing the properties for sale.  The Brokers were and are familiar with the area in which the Commercial Properties were located, have substantial experience in marketing similar real estate, and are well qualified to assist the Estate in marketing the properties for sale.

4.      Accordingly, on January 23, 2013, this Court entered an order approving retention of the Brokers pursuant to their standard broker employment agreement to be paid on a commission basis.

5.      The Brokers agreed and the Court approved the Brokers to provide real estate brokerage services to the Estate according to the following terms and conditions:

        a.      If Entre is the sole broker, Entre would receive a brokerage fee of four percent (4%) of the gross price if sold without a cooperating broker; or

        b.      If Enter cooperated with another broker, the fee would be five percent (5%) of the gross sales price split between the two brokers.

6.      The compensation requested is standard within the industry and is fair and reasonable for the services to be rendered.  Real estate brokers are typically paid according to a commission basis similar to the arrangement here.  In order to allow the sale to move forward, David Hoffman and Entre agreed to a fee equal to two and one half percent (2.5%) of the gross

sales price as the sole broker involved in the transaction.  A copy of the invoice from Entre to that effect is attached hereto as **Exhibit A**.

7.      On August 20, 2013, the Court entered the Order Approving Sale appropriating the carve-out funds to the Brokers in the amount of $23,750.00, subject to further court order.

## II. Description of the Fee Petition

8.      Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees, however, whereas here, the fee is based upon a commission basis, the primary objective of this fee application is to reveal sufficient information enabling the court to determine whether the services rendered in representing the Debtor were reasonable, actual, and necessary.

9.      The Brokers primarily provided marketing services to the Estate by showing the property to prospective purchasers and marketing the Commercial Properties through various marketing platforms typical of the industry.  Through the Broker's efforts, a ready, willing and able buyer was located for the Commercial Properties and the transaction was closed for a sale price of $950,100.00

## III. Section 330(a) of the Bankruptcy Code

10.      Section 330(a) of the Bankruptcy Code provides:

(a) After notice to any parties in interest and to the United State Trustee and hearing, and subject to sections 3326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney-

> (1)      Reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2)     Reimbursement for actual, necessary expenses.

11.     The Bankruptcy Court has independent authority and responsibility to determine

the reasonableness of all fee requests, whether or not objections are filed.  In re Spanjer Brothers,

Inc., 203 B.R. 85 (Bkrtcy. N.D.Ill. 1996); In re Pettibone Corporation, 74 B.R. 293 (Bkrtcy.

N.D.Ill 1987).  The burden of proof is on the applicant to show that the fees incurred were actual

and necessary. In re Spanjer Brothers, Inc., 203 B.R. 85 (Bkrtcy. N.D.Ill. 1996); In Re Chicago

Luther Hospital Association, 89 B.R. 719 (Bkrtcy, N.D.Ill.1988);  In re Pettibone Corporation,

74 B.R. 293 (Bkrtcy. N.D.Ill 1987).

12.     The Broker's representation aided a great deal toward procuring a buyer for the

Commercial Properties which maximized value for the Estate.   Moreover, the fees being

requested are being paid out of funds carved out of the sale proceeds that would otherwise have

paid down secured debt and not from proceeds that would otherwise have been available for

unsecured creditors.  The Broker's employment was necessary and the amounts requested are

fair and reasonable.

### VII. Conclusion

WHEREFORE, David Hoffman and Entre Commercial Realty, LLC  requests that this

court enter an Order:

A.     Determining that the real estate brokerage services and fees incurred were

necessary and reasonable;

B.     Allowing final compensation for David Hoffman and Entre Commercial Realty,

LLC  in the amount of $23,750.00;

C.      Permitting the Law Offices of Konstantine Sparagis, P.C. to disburse amount of

$23,750.00 on hand in the Attorney's IOLTA Trust Account from the carve-out proceeds from

the § 363 sale to David Hoffman and Entre Commercial Realty, LLC; and

E.      Granting such other and further relief as the court may deem just and proper.

**Respectfully submitted,**
**David Hoffman and Entre Commercial, LLC**

By: /s/ Konstantine Sparagis

Konstantine Sparagis (6256702)
Law Offices of Konstantine Sparagis, P.C.
900 W. Jackson Blvd., Ste. 4E
Chicago, IL 60607
312-753-6956